

RECEIVED
AUG 3 1 2017
CIRCUIT DOCUMENTER
LANE CO

Barbara K. Parmenter
5409 Ivy Street
Springfield, Oregon 97478
Telephone (541) 937-1234
FAX NO. (458) 201- 8976
e-mail: bparmenter97478@gmail.com

# OREGON CIRCUIT COURT

## FOR THE COUNTY OF LANE

17-cv-1388 EGS

| | |
|---|---|
| NATIONSTAR MORTGAG, L.L.C.. | CASE NO. 15CV21825 |
| Plaintiff, | DEFENDANT MOTIONS FOR THE |
| | DERIVIATIVE REMOVAL FROM THE ORE- |
| | GON CIRCUIT COURT FOR THE COUNTY OF |
| | LANE CASE NO. 15CV21825 TO THE J. |
| BARBARA K. PARMENTER, etal | BARRETT PRETTYMAN UNITED STATES |
| Defendant. | DISTRICT COURT FOR THE DISTRICT OF |
| | COLUMBIA AS PERMITTED UNDER TAYLOE |
| | vs. LOVE, 415 f. 2d 1118 (1969). |
| | |
| | DEFENDANT HAS STANDING UNDER |
| | ARTICLE III, RULE 24 ON INTERVENTION |
| | TO INTERVENE THE STATE OF OREGON |
| | CIRCUIT COURT FOR THE COUNTY OF |

1

SEP - 1 2017

LANE CASE NO. 161415017 INTO THE J.
BARRETT PRETTYMAN DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CASE
NO.: 17-cv-01388-UNA.

THE DISTRICT OF COLUMBIA COURT
HAS JURISDICTION UNDER ARTICLE 111
QUESTIONS AND THE VIOLATIONS OF
FEDERAL LAW BY THE STATE OF OREGON
CIRCUIT COURTS; THE DISTRICT OF ORE-
GON DISTRICT & BANKRUPTCY COURTS;
THE UNITED STATES BANKRUPTCY
APPELLATTE PANEL FOR THE NINTH
CIRCUIT AND THE U.S. COURT OF APPEALS
FOR THE NINTH CIRCUIT, BY THE DELIBER-
ATE VIOLATION OF DEBTOR'S CONST-
UTIONAL RIGHTS UNDER HER FIRST,
FIFTH, & FOURTEENTH CONSTITUTIONAL
AMENDMENT RIGHTS, HER RIGHTS TO DUE
PROCESS; EQUAL PROTECTION UNDER THE
LAW; HER RIGHT TO ACCESS THE COURTS
AND HER RIGHT TO HAVE ACCESS TO

2

EFFECTIVE LEGAL REPRESENTATION.

THE ABOVE NAMED COURTS HAVE VIO-
LATED DEBTOR-DEFENDANT'S CIVIL
RIGHTS UNDER TITLE 18, SECTION 13, NOS.
241, 242, 249; HER FAIR HOUSING RIGHTS
UNDER 42 USC 3601; HER DISABILITY CIVIL
RIGHTS UNDER THE AMERICAN'S WITH
DISABILITIES ACT; HER RIGHTS UNDER
SECTION 504 OF THE REHABILITATION ACT;
HER RIGHTS UNDER THE JUDICIAL GUIDE;
AND HER RIGHTS UNDER THE COMMUN-
ICATIONS INTREPRETORS ACT.

**THE J. BARRETT PRETTYMAN UNITED
STATES DISTRICT COURT FOR THE DISTRICT
OF COLUMBIA IS OPEN TO CASES WHERE
THE STATE DOES NOT HAVE JURISDICTION.
DEFENDANT CONTENDS THE STATE OF
OREGON, THE DISTRICT AND BANKRUPTCY
COURTS IN THE DISTRICT OF OREGON AND
THE UNITED STATES COURT OF APPEALS**

3

FOR THE NINTH CIRCUIT LACK VALID

PERSONAL JURISDICTION OVER DEBTOR-

DEFENDANT UNDER THE FOLLOWING

CONSTITUTIONAL LIMITS UPON THE

COURTS:

A.) THE PRIVLEGES AND IMMUNITIES
     CLAUSE

B.) INTERNATIONAL SHOE CO. V
     WASHINGTON 326, U.S. 310,316,66 S
     CT. 154, 158, 90 LED.95. PG.608-610.
C.) HOVEY V. ELLIOTT. (167 U.S. 409(1897)
D.) MARBURY V. MADISON
E.) NEBBIA V. NEW YORK, 291 U.S. 502,
     525 (1934)
F.) MATHEWS V. ELDRIDGE, 474 U.S. 319,
     332, 349 (1976)
G.) RENO V. FLORES, 507 U.S. 292, 316
     (1993)
H.) WARD V. MARYLAND, 79 U.S. (12Wall.)
     418, 430 (1870)
I.)  BLAKE V. MCCLUNG, 172 U.S. 239, 252
     (1898)
J.)  COLE V. CUNNINGHAM, 133 U.S. 107,
     113-14 (1890)
K.) SHELL V. R.W. STURGE, LTD, 55 F. 3RD
     1227 (6TH CIR. 1995)
L.) STATE OF TENNESSEE V. LANE, 541
     U.S. 509 (2004)
M.)  THE INTERNATIONAL COVENANT ON
     CIVIL AND POLITICAL RIGHTS

4

FEDERAL QUESTION NO.ONE

DOES THE RESTRUCTURED STATE OF

OREGON GOVERNMENT AS IDENTIFIED IN

THE OREGON STATE BAR INTERIM MEET-

ING OF THE SENATE AND JUDICIARY

COMMITTEES DATED SEPTEMBER 9, 2012

VIOLATE ARTICLE 111 SEPARATIONS OF

POWERS, OR VIOLATE THE INTEGRITY OF

THE JUDICIAL DECISION MAKING?

FEDERAL QUESTION NO.TWO:

IS OREGON NOT A CONSTITUTIONAL

STATE OR IS IT VIOLATING ARTICLE 111 ?

BECAUSE.....

THE DISTRICT OF OREGON ARTICLE 1 BANK-

RUPTCY JUDGES AND THE ARTICLE 111

DISTRICT JUDGES ARE/WERE ALL DUES

PAYING OREGON STATE BAR MEMBERS

AND THE OREGON STATE BAR IS THE ONLY

PUBLIC BAR IN THE UNITED STATES AND

ALL BAR MEMBERS ARE STATE OF OREGON

GOVERNMENT OFFICIALS AND OFFICERS

OF THE OREGON JUDICIAL DEPARTMENT

AS WAS RULED IN "STATE EX REL

FROHNMAYER V. OREGON STATE BAR

CC87C-12045, CA A47455, SC S35408"

(1989)?

FEDERAL QUESTION NO. THREE:

THE OSB IS AN INTEGRATED BAR AND ALL

OREGON JUDGES MUST BE OSB MEMBERS.

HAVE ALL OREGON STATE BAR MEMBER

ATTORNEYS, STATE, DISTRICT, BANKRUP-

TCY, AND CURRENT AND PAST NINTH

CIRCUIT COURT OREGON JUDGES MAY

HAVE HAD PREVIOUS UNDISCLOSED AND

CONCEALED  FINANCIAL COFLICTS OF

INTEREST WITH DEBTOR-DEFENDANT

BARBARA PARMENTER, AND/OR WITH ANY

OF HER BUSINESSES, CORPORATE -TRUST

ENTITIES?  DO THESE COURTS ALSO HAVE

CONCEALED AND UNDISCLOSED FINANCIAL

CONFLICTS OF INTEREST WITH THE

CITIZENS OF THE STATE OF OREGON?

FEDERAL QUESTION NO. FOUR:
DID ALL OF OVER FORTY INSTIGATED,
CONCOCTED, AND FABRICATED LEGAL
CASES AND PROCEEDINGS AGAINST
DEBTOR-DEFENDANT WHERE THE STATE
AND FEDERAL JUDGES, INCLUDING ART-
ICLE 1 AND ARTICLE 111 JUDGES WHO
WERE ACTIVE, DUES PAYING OREGON
STATE BAR MEMBERS, LACK PERSONAL
JURISDICTION IN THOSE CASES?

FEDERAL QUESTION NO. FIVE:
WERE, OR ARE, ALL ARTICLE 1 AND
ARTICLE III FEDERAL JUDGES FOR THE
DISTRICT OF OREGON THAT WERE, OR STILL
ARE, OREGON STATE BAR MEMBERS, AND
AS STATED IN STATE EX REL FROHNMAYER
v. THE OREGON STATE BAR ARE ALSO
STATE OF OREGON GOVERNMENT OFF-
ICIALS AND OFFICERS OF THE OREGON

7

JUDICIAL DEPARTMENT LAWFULL FEDERAL

DISTRICT OR BANKRUPTCY JUDGES?  ARE

THEIR RULING NULL?


FEDERAL QUESTION NO.SIX:

DID THE BANKRUPTCY COURT HAVE THE

JURISDICTION AND AUTHORITY TO

DEMAND THAT DEBTOR ATTEND THE

AUGUST 1, 2017 HEARING AFTER THE

DEBTOR HAD ALREADY NOTIFIED THE

COURT THE CASE HAD BEEN REMOVED

TO THE WASHINGTON D.C. COURT?

DID THE COURT USE INTIMIDATION TO

TRY TO COERCE JURISDICTION OF THE

COMMUNICATIONS DISABLED DEBTOR?


FEDERAL QUESTION NO. SEVEN:

THE COMMUNICATIONS DISABLED

DEBTOR WOULD NOT HAVE ANYWAY

TO COMPREHEND THE ORAL PROCEED-

INGS SO SHE FILED HER "MOTION CHAL-

LENGING THE COURTS JURISDICTION" &

8

WAS MOTIONED TO SIT AND SHE

ONLY PUT ON THE RECORD SHE WAS

REQUIRED TO HAVE AIDS AND SERVICES

TO ACCOMODATE HER VERIFIED COMM-

UNICATIONS DISABILITIES AND THE

COURT REFUSED TO EVEN TURN ON THE

MONITORING SCREEN AND DEBTOR

LEFT THE COURT.  WHERE THE COURTS

ACTIONS HATE CRIMES?

FEDERAL QUESTION NO. EIGHT:

DID THE STATE OR DISTRICT COURTS

OF OREGON EVER HAVE PERSONAL

JURISDICTION OVER DEBTOR-DEFEND-

ANT AFTER NOVEMBER 4, 2004 WHEN

SHE SUED *THE SELF-INSURING,* OREGON

STATE AGENCY AND OREGON STATE BAR

FOR "GROSS NEGLIGENCE IN THE REIN-

STATEMENT OF THE TWICE DISBARRED,

AND FELON ATTORNEY JUSTUS BUCK

HUMPHREYS" WHERE SOMEONE AT THE

OREGON STATE BAR HAD GIVEN

9

HUMPHREYS ALIASES TO CONCEAL HIS

TRUE IDENTITY BY TAMPERING WITH

PUBLIC RECORDS WHICH WAS A CRIME?

FEDERAL QUESTION NO.NINE:

IN OREGON CIRCUIT COURT FOR THE

COUNTY OF MULTNOMAH CASE NO.

070100338 DEBTOR-DEFENDANT IS

RECOGNIZED AS THE ONLY PERSON TO

HAVE SUED THE SELF-INSURING, STATE

GOVERNMENT AGENCY AND PUBLIC

OREGON STATE BAR FOR FINANCIAL

DAMAGES. ALONG WITH THE ENCLOSED

E-MAILS FROM PORTLAND ATTORNEY

LIEUENBERGER WAS OREGON CHANGED

TO A TOTALITARIAN STATE?

FEDERAL QUESTION NO.TEN :

DOES THE ALIANCE FORMED BETWEEN

THE STATE OF WASHINGTON'S

PRIVATE BAR MADE BY BAP JUDGE

FRANK KURTZ IN CONJUNCTION WITH

THE PUBLIC OREGON STATE BAR
MADE BY THE FEDERAL BANKRUPTCY
JUDGE AND OREGON STATE BAR DUES
PAYING BAR MEMBER JUDGE FRANK
ALLEY III, TO SELL PROPERTIES THAT
ARE IN BANKRUPTCY TO FOREIGN
CLIENTS IN DUBAI LEGAL?
IS THIS ALLIANCE ETHICAL? SHOULD
THIS ALLIANCE HAVE REQUIRED FULL
FINANCIAL AND BUYER DISCLOSURE?
HAVE REQUIRED AN ACCOUNTING?

FEDERAL QUESTION NO. ELEVEN:
WAS IT UNLAWFUL FOR JUDGE FRANK
ALLEY III TO DIRECT DEBTOR'S APPEAL
TO THE FURTHEST AWAY BANKRUPTCY
APPELLATTE COURT AGAINST THE
COURTS RULES BECAUSE JUDGE
FRANK KURTZ ,WHO HAD FORMED
THE FOREIGN DUBAI ALLIANCE WITH
JUDGE ALLEY PRESIDED THERE ALONG
WITH JUDGE ALLEY'S PRIOR OREGON

11

ASSOCIATES AND FRIEND JUDGE
ALFRED GOODWIN WHO ALSO
VIOLATED THE BAP NINTH CIRCUIT
RULES THAT JUDGES COULD NOT
HERE OR RULE ON CASES FROM THEIR
OWN STATE?

FEDERAL QUESTION NO.TWELVE:
DEBTOR-DEFENDANT HAS BEEN
VERIFIED BY HER PROFESSIONAL
HEALTH CARE PROVIDES AND SHE IS
ACKNOWLEDGED BY THE COURTS AS
A PERSON WITH COMMUNICATIONS
DISABILITIES, COMPREHENSION AND
COGNITIVE DISABILITIES FROM MULT-
IPLE TRAUMATIC BRAIN INJURIES. BUT
DEBTOR- DEFENDANT HAS NEVER
RECEIVED UNOBSTRUCTED OR
EFFECTIVE AIDS AND SERVICES TO
ACCOMMODATE HER VERIFIED
COMMUNICATIONS DISABILITIES IN
OVER FORTY INSTIGATED,CONCOCTED,

OR FABRICATED CASES AND PRO-
CEEDINGS IN THE STATE CIRCUIT
COURTS, THE U.S. BANKRUPTCY AND
DISTRICT OF OREGON COURTS, OR THE
BAP NINTH CIRCUIT COURTS OR THE
U.S. COURT OF APPEALS FOR THE
NINTH CIRCUIT COURTS FOR OVER
TWELVE YEARS.  IN ADDITION TO
THE FLEECING OF HER LIFE'S ACCUM-
MULATION OF WEALTH THROUGH THE
COURTS THERE HAVE BEEN FOUR
ACKNOWLEDGED ATTEMPTS UPON
DEBTOR-DEFENDANT'S LIFE.  WHY
HAVEN'T THE UNITED STATES GOVER-
NMENT NOT PROTECTED OR COME TO
THE AID OF THE DISABLED & ELDERLY
DEBTOR-DEFENDANT?

A JURY TRIAL IS REQUESTED.

1.

NOTICE OF SPECIAL APPEARANCE -VISITATION

Please take notice that Barbara K. Parmenter hereby makes a special

appearance-visitation and is demanding all rights at all times and waiving no

rights at any time, especially her right to challenge personal jurisdiction in the first

instance and to preserve her right to due process of law.

2.

It is a fundamental constitutional guarantee that all legal proceedings will be fair

and that one will be given notice of the proceedings and an opportunity to be

heard before the government acts to take away one's life, liberty, or property.

3.

The State of Oregon Circuit Courts and the State of Oregon District and

Bankruptcy Courts have repeatedly denied Defendant accommodations for her

verified and court acknowledged communications disabilities.  Debtor-Defendant

has received some of these multiple traumatic brain injuries from crimes and

injuries committed against her that have been connected to the activities in the

state and district courts.  Without aids and services to accommodate her

disabilities Defendant has been denied access to the courts.

4.

Because Defendant is the only person, as is identified in Oregon Circuit Court for

the County of Multnomah Case No. 070100338, to have ever sued the self-

insuring Oregon State Bar for damages she has been retaliated against by Oregon

State Bar members in the State and District Courts and into the Ninth Circuit

Court.  There exists a concealed and undisclosed financial conflict of interests

between the Defendant and every Oregon State Bar member in the integrated,

mandatory, and self-insuring Oregon State Bar.  This financial conflict of interest includes all state judges and the federal and bankruptcy judges who were at the time of the Defendant's numerous imposed court actions Oregon State Bar members.

5.

FEDERAL QUESTION JURSDICTION

Federal courts are generally said to have "Federal Question Jurisdiction, which means that federal courts will hear cases that involve issues touching on the Constitution of other federal laws.  The source of federal question jurisdiction can be found in the Constitution.  Article 111 states that the "judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and Treaties made, or which shall be made, under their authority.

6.

Article 111 is "an inseparable element of the Constitutional system of checks and balances that both defines the power and protects the independence of the Judicial Branch".  Northern Pipeline, 458 U.S., at 58.  Under the "the basic concept of separation of power...that flow(s) from the theme of a tripartite government adopted in the Constitution, "THE JUDICIAL POWER OF THE UNITED STATES... CAN NO MORE BE SHARED" WITH ANOTHER BRANCH THAT THE CHIEF EXECUTIVE, FOR EXAMPLE, CAN SHARE WITH THE JUDICIARY THE POWER TO OVERRIDE A PRESIDENTIAL VETO. "United States v. Nixon, 418 U.S. 683, 704

(1974). Quoting U.S. Constitution Article 111, & 1.)

7.

VALID JURISDICTIONS

CONSTITUTIONAL LIMITATIONS UPON THE COURTS

PRIVLEGES AND IMMUNITIES CLAUSE

RIGHTS TO HOLD COURT ACTIONS IN THE STATES

HUMAN RIGHTS

International Shoe Co. v Washington 326, U.S. 310,316, 66 S Ct. 154, 158, 90

Led. 95, which held that a state court's assertion of personal jurisdiction must not

violate "traditional notions of fair play and substantial justice." Pg. 608-610.

*The State of Oregon State Circuit Courts, the District of Oregon District and
Bankruptcy courts, and the United States Court of Appeals for the Ninth Circuit
have been used to fleece Debtor-Defendant of her wealth, her rights, her rights to
accommodations for her disabilities, her rights to access the courts and her rights
to access effective legal representation  and the courts have been used to
exonerate her assailant's and attackers of their assaults and batteries, and the
injuries committed against her in retribution of her having exposed crimes and
criminals within the State of Oregon and District of Oregon legal systems.*

8.

The Supreme Court has held "that there are constitutional limitations upon the

power of courts, even in aid of their own valid processes, to dismiss an action

without affording a party the opportunity for a hearing on the merits of his

cause.(see Societe International pour Participations Industrielles et Commerciales,

S.A. v. Rogers, 357 U.S. 197, 209, (1958).

9.

As early as 1897 the Court was confronted with the issue in Hovey v. Elliot. (167 U.S. 409 (1897). In Hovey, the defendants were found to be in contempt for failure to comply with an order to pay a fine. (Id, at 411).  As punishment, the trial court struck their answer and rendered a default judgment against them.  (Id. At 411-12)

*Debtor-Defendant has not paid billed Trustee fees for services after her case was re-opened.  Debtor was never a legal debtor nor was the bankruptcy a legal case. Dates were changed on when the incompetent filer tried to file after being coerced with a $130,000.00 illegal foreign judgment filed on December 30, 2008, the day after Debtor-Defendant was suspiciously whiplashed yet again and was rendered incompetent.*

10.

The Court ruled that declining to hear the merits of the defendant's case as a penalty for an unrelated infraction violated the Due Process Clause: "If the court had power to {adjudicate property rights} by denying the right to be heard {,}...what plainer illustration could there be of taking of property...without a hearing or without due process of law? (Id. At 419.)  Not even courts, it held, have "the power to violate the fundamental constitutional safeguards protecting all citizens. ( Id.)

*As a communications and comprehension disabled person Debtor-Defendant has been denied aids and services in the Oregon State and District Courts and in the Ninth Circuit Courts to accommodate her well documented and court acknowledged communications disabilities. The courts have denied her required accommodations to enable the taking of her properties, businesses, wealth and to*

*exonerate crimes committed against her therein denying her due process, equal*

*protection of the laws and her Constitutional and Civil Rights.*

### 11.

Marbury v. Madison Chief Justice Marshall stated "that the very essence of civil

liberty certainly consists in the right of every individual to claim the protection of

the laws, whenever {s}he receives an injury.  One of the first duties of government

is to afford that protection."

### 11-a.

*Neither the State of Oregon nor the Federal United States Government agencies*
*have provided protection of the laws to the Debtor-Defendant from the fleecing of*
*her properties, businesses, assets or from the four proven and even admitted*
*attempts upon her life. The crimes being committed in the courts and legal*
*systems are easily committed against the disabled Debtor-Defendant simply by*
*the State of Oregon and District of Oregon legal systems denying her aids and*
*services to accommodate her well documented and even court verified*
*communications disabilities. Supposed Debtor-Defendant cannot secure legal*
*representation because of retaliation against her for reporting the crimes and*
*criminals within the Oregon legal system.  The Oregon State Bar requires any Pro*
*Hac Vice attorney to engage as a co-counsel an Oregon State Bar attorney with*
*control in the case.  Two Oregon attorneys have put in writing they were*
*threatened with disbarment if they continued to assist or represent supposed*
*Debtor-Defendant.*

### 11 b.

*The Springfield Police and the Lane County District attorney failed to prosecute*
*Patrick Fisher who admitted trying to kill the Defendant with a "Burking*
*maneuver" on November 16, 2016.  Debtor-Defendant still suffers with*
*complications from those injuries.*

11-c.

*Timothy Jon Yager whose mid-eastern uncle claimed he wanted to purchase Debtor's replaced log home on Dexter Lake in Lowell, Oregon admitted to coming from behind Debtor and bludgeoning her over the head breaking a blood vessel in the speech center of Debtor's brain.  Yager was arrested but never prosecuted.*

11-d.

*Debtor's newly built log home was a replacement home as her original lakefront home was burnt to the ground on April 2,2000, arson suspected.  Long time City of Lowell residents who also had problems living on Dexter Lake advised Debtor-Defendant that drugs had been brought in by float planes on the lake for over twenty years.*

11-e.

*Bobby Wenatchee was arrested breaking into Debtor-Defendant's home. His cell phone discovered the next day revealed he was a hired hit.  He was arrested and bail was posted and he disappeared. He was never prosecuted.*

11-f.

*Fraud upon the court in Oregon Circuit Court for the County of Multnomah Case No.001010225 proved the whiplash vehicle crash in which Debtor-Defendant received traumatic brain injuries was not accidental, and the discovered fraud upon the court committed by Oregon State Bar members was never prosecuted. The fraud led to Debtor-Defendant discovering her attorney Justus Buck Humphreys was reinstated by the Oregon State Bar and was given aliases to conceal his true identity by someone at the bar tampering with public records, a crime.  Humphreys was disbarred by reciprocal action only and nothing was done about the crimes committed by Humphreys against Debtor-Defendant.*

11-g.

*Humphreys was disbarred in March 2005 and in April 2005 he sued the Debtor-Defendant for $550,000.00 in damages for his being disbarred and for three*

different versions of fraudulently claimed owed legal fees on two contingency fee cases. Oregon State Bar members Judge VeLure, Don Armstrong, Bill Wheatley with the State of Oregon, Jeffrey Matthews with the Harrang Long Gary Rudnick Law Firm, and Samuel L Boyd with Boyd and Associated in Dallas, Texas assisted in setting the Debtor-Defendant up for yet another sting and Debtor-Defendant's counsels participated in the eventual fleecing of Debtor of over $1,050,000.00 in paid legal fees. Her own legal counsels then conspired with Umpqua Bank and their mid-eastern associates to whiplash Debtor-Defendant yet again inflicting a fourth traumatic brain injury and the next day filed an illegal foreign judgment for $130,000.00 by intervention into Debtor's legal negligence case against the felon attorney Humphreys pending in Lane County Circuit Court.

11-h.

On March 17, 2010 Umpqua Bank's Motion to appoint a trustee was heard. Debtor-Defendant Motioned for her case to be dismissed as she was not bankrupt and she had tried to file t a small business chapter 11 while incompetent from a fourth traumatic brain injury to prevent her bank accounts with $120,000.00 being taken by the illegal foreign judgment that she could not fight while she was incompetent from the whiplash. Judge Alley III exceeded his discretion and refused to dismiss the non-qualifying attempted chapter 11 filing. Judge Alley III had nothing more to do than to dismiss the bankruptcy. To prevent the obvious non-conforming chapter 11 from being easily discovered, the filing date was changed because supposed Debtor had not completed the credit counseling before trying to file a small business chapter 11 by herself while incompetent

11-i.

Supposed Debtor-Defendant suffers from Post- Traumatic Stress Disorder. This is not surprisingly from all of the crimes, assaults, property damages and threats that are being and that have been committed against her.

11-j.

The Bar members along with Umpqua Bank then committed another fraud upon the court to continue a malicious bankruptcy to fleece Debtor of over ten million in

properties, assets, her businesses and her family's development property and most all of the properties ended up owned by mid-eastern parties.  The mid-eastern parties appear to be connected to Oregon State Bar Members and District of Oregon Bankruptcy Judge Frank Alley III possibly through the alliance he formed with the Washington State Bar along with Bankruptcy Appellate Panel judge for the Ninth Circuit Court, Judge Frank Kurtz, to sell properties in bankruptcy to clients in Dubai.

### 11-k.

 Judge Frank Kurtz is a BAP judge in the Pasadena Court and Judge Alley directed Debtors' appeals to the Pasadena BAP against court rules.  The rules require the appeals to go to the closest BAP not the furthest away as is the Pasadena Court. In addition to Judge Kurtz being in the Pasadena Court and connected to Judge Alley III, Former Oregon Chief Justice Albert Goodwin is also in the Pasadena Court and he violated Ninth Circuit Court of Appeals Rules by ruling on the Debtor's case several times which were cases from Judge Goodwin's state as well and included Debtor's case against the mid-eastern Yager and the United States Army Corp of Engineers who had given Debtor's lakefront dock rights to Timothy Jon Yager. Yager's Father owns thirty planes that come into the dock space and Yager has claimed his father is so rich that Yager can do whatever he wants and is never prosecuted. Yager was correct in his asserting he could get away with whatever he wants to do and he was exonerated by the Oregon Circuit Court- and Oregon State Bar member judge and attorneys of the assault and battery against Debtor-Defendant when he admittedly bludgeoned her over the head breaking a blood vessel in the speech center of her brain.

### 11-l.

 When Debtor Defendant filed a Protective Stalking Order against Timothy Jon Yager substitute Oregon Circuit Court Judge Jon Lund stated he did not have to consider the evidence because neither attorney filed a finding of fact and judge Lund placed two restraining orders on Debtor Defendant. The Oregon Circuit Court later ruled that Debtor-Defendant could not reside at "her home" . It is Yager's

mid-eastern uncle who inquired on the purchase of Debtor-Defendant's lakefront home.

### 11-m.

The lakefront home was re-vested by the Bankruptcy Court to Debtor free and clear in late October 2011 but nevertheless the State of Oregon foreclosed upon the under a million dollar home and lot and sold it to the California real estate broker who had listed the home for Trustee Kenneth Eiler. Debtor-Defendant was told Timothy Yager now works for the new owner of Debtor's lakefront property.

### 11-n.

Eventually the BAP in Pasadena secured another judge from Hawaii who with a second BAP judge remanded Debtor's requests for accommodations back to the District of Oregon Court for the now District of Oregon Judge Michael McShane to order accommodations for the communications disabled Debtor. McShane refused to abide by the order. This was not a surprise since McShane had been the Oregon Circuit Court judge in the fraud upon the court along with Humphreys, State Farm Automobile Insurance Company, John Kilcullen with Brown Roseta McConniville & Kilcullen Law Firm and another Oregon State Bar member attorney inserted into the case as the jury foreman. The fraud upon the court led to the discovery the Oregon State Bar had given reinstated attorney Humphreys aliases to conceal his true identity.

### 11-o.

In 2015 the Federal Department of Justice opened an investigation into the State of Oregon government on thirteen agencies, and seventeen people according to the Register Guard newspaper. Governor Kitzhaber resigned as did U.S. Attorney Amanda Marshall who was opposing Debtor-Defendant on her case against Timothy Jon Yager and the US Army Corps of Engineers taking Debtor's dock rights. There have been several drug trafficking arrests on Dexter Lake made according to the newspaper and a Federal case was opened in Tacoma, Washington. Debtor-Defendant's case against Yager and the US Army Corps of Engineers was piece by piece dissipated by Presiding Oregon District Court Judge

22

*Ann Aikens along with the United States Court of Appeals for the Ninth Circuit judges.*

*11-p.*

11.

Nebbia v. New York, 291 U.S. 502, 525 (1934) (holding that the Due Process Clause "demands only that the law shall not be unreasonable, arbitrary, or capricious ").

*The state and federal courts are being used as a weapon against Debtor-Defendant and the laws have been twisted to be arbitrary, unreasonable, and capricious as well as tortuous and egregiously discriminatory.  But nobody in Oregon is, has or will do anything about these crimes or this situation.*

12.

Mathews v. Eldridge, 474 U.S. 319, 332, 349 (1976) (allowing disability benefits property right to be terminated so long as parties "are given a meaningful opportunity to present their case").

*Debtor-Defendant is verified and acknowledged as disabled by the courts and she does not receive any disability benefits nor have the cases she has presented to the courts been acknowledged or favorably acted upon to protect her civil rights and disability rights she is supposed to have but does not have and probably don't exist..*

13.

Reno v. Flores, 507 U.S. 292, 316 (1993) (O'Connor, J. concurring) (stating that "substantive due process' scrutiny" requires "sufficient compelling government interest").

*Debtor-Defendant's disability civil rights, civil rights under Title 18 and her constitutional rights have not received any sufficient compelling government interest. Debtor-Defendant was never a Debtor and the government agencies with which she has sought help and protection require that she properly document the events and present them to the government when her disabilities gravely limit her abilities especially her abilities to sequence and organize materials while at the same time at least trying to protect herself in and out of the courts which she obviously has not succeeded in doing.*

14.

The Supreme Court noted that "the {privileges and Immunities Clause plainly and unmistakably secures and protects the rights of a citizen...to maintain actions in the courts of the State." Ward v. Maryland, 79 U.S. (12 Wall.) 418, 430 (1870) see also Blake v. McClung, 172 U.S. 239, 252 (1898)

("The privileges and immunities

which the citizens of the same state would be entitled to under like circumstances...includes the right to institute actions."); Cole v. Cunningham, 133 U.S. 107, 113-14 (1890)("The intention of {the Privileges and Immunities Clause} was to confer on citizens of the several States a general citizenship...and this includes the right to institute actions.").

*The Oregon State Circuit Courts and federal district and bankruptcy courts for the District of Oregon, the judges, attorneys, and court officials are those egregiously discriminating against the supposed Debtor-Defendant including that she has no access to effective legal representation in the State of Oregon. Defendant may be entitled to protections under the Privileges and Immunities Clause but they are unobtainable to her in the State and District of Oregon and in the Ninth Circuit due to public corruption.*

24

15.

Boddie v. Connecticut marked the first time that the court squarely addressed the question of whether plaintiffs have substantive due process rights to court access. The Boddie Court recognized that access to the judicial system and the Due Process Clauses are intimately related: "It is to courts, or other quasi-judicial official bodies, that we ultimately look for the implementation of a regularized, orderly process of dispute settlement.  Within this framework, {the authors of the Fifth and Fourteenth Amendments} recognized the centrality of...due process in the operation of this system." Id at 375.

*Defendants Fifth and Fourteenth Amendment rights have repeatedly been violated because the State of Oregon has successfully prevented her and likely other Oregon citizens from having access to the courts in part because the State of Oregon has the only public bar in the United States and as such controls who can secure legal representation and even controls Pro Hac Vice representation and requires any Pro Hac Vice representation to engage Oregon State Bar member co-counsel with controlling interests.*   These constitutional violations are further protected and kept in place to protect public corruption by the Ninth Circuit Court of Appeals judges.

16.

Valid Jurisdiction

  The United States Court of Appeals for the Sixth Circuit:

Even if a party consents to jurisdiction through control or agreement, such consent may not be valid.

  The 6th Circuit has ruled that consent clauses will be presumed valid only in the

25

absence of fraud, overreaching, grave inconvenience, or violation of forums public

policy, See Shell v. R.W. Sturge, Ltd, 55 F. 3rd 1227 (6th Cir. 1995).

Unequal bargaining power between parties is a factor that may render the

consent ineffective.

16-a.

*There likely has never been as much unequal bargaining power between the*
*parties as there is in Debtor-Defendant's predicament where she has no access to*
*effective legal representation and the courts are used to direct her to judges and*
*officials who are a part of a group that has likely plagued the State of Oregon with*
*public corruption for decades or longer.  Defendant has had to try and protect*
*herself for over twelve years while handicapped and disabled with multiple*
*traumatic brain injuries and with the inability to adequately comprehend the oral*
*communications used in the courts against her. Debtor- Defendant has had to use*
*the frugal income she was left and without the over ten million dollars in wealth*
*her was fleeced of  to purchase transcripts so she could read to learn what*
*transpired in the corrupt courts against her. Both honorable attorneys who tried*
*to help Debtor-Defendant were threatened with disbarment if they continued to*
*assist her.*

16-b.

*Debtor-Defendant has been dragged into court actions and judgment put have*
*been placed upon her wherein she was never served or was not the party named*
*in the service. In particular the State of Oregon Foreclosure Avoidance Program*
*arbitrators allowed attorneys for lenders to not comply with the State's imposed*
*regulations.  In every mandatory arbitration meeting the lenders never complied*
*with producing the original note but were given certificates to pursue foreclosure*
*nevertheless.*

16-c.

*Wells Fargo who is pursuing an unlawful foreclosure never arbitrated they simply mailed notices to incorrect, past and changed addresses for the Debtor-Defendant's when Wells Fargo had the correct address in the Bankruptcy papers and both Nationstar Mortgage Service and Wells Fargo N.A. received the Bankruptcy Court ORDER of 10-6-11 not to attempt to try and collect from the Debtor or the property and have committed fraud and violated a court order nevertheless.  Wells Fargo failed to show up for a hearing they knew was not allowed and Circuit Court Judge Jay McAlpin gave Wells Fargo a judgment against Debtor anyway, who did show up.  Supposed Debtor-Defendant was finally able to get Judge McAlpin recused.*

17.

Supreme Court Ruling State of Tennessee v. Lane, 541 U.S. 509 (2004)

Three years after the Supreme Court ruled in Garret that States are immune

from employment discrimination suits for money damages in federal court under

Title I of the Americans with Disabilities Act, the Supreme Court agreed to hear

State of Tennessee v. Lane, 541 U.S. 509 (2004) to decide whether Congress acted

properly when it made states subject to suits in federal court under Title II of the

ADA for cases in State Circuit Courts and State Court of Appeals.

In a 5-4 decision, the Supreme Court held that states are subject to lawsuits filed

in a federal court to money damages under the ADA in cases involving access to

the courts.  The question before the Supreme Court was whether Congress acted

properly when it enacted the ADA and made states liable for discrimination

against people with disabilities in the provision of government services.  The

Supreme Court decided that the ADA does apply to the states when people with

disabilities seek to enforce their rights to gain access to the courts. See also State

of Tennessee v. Lane, 541U.S. 509 (2004). (states subject to suit in federal court under Title II of the ADA).

*If and when the communications limited and disabled supposed Debtor-Defendant can secure both a constitutional unbiased and unprejudiced court and judges and secure effective legal representation she may finally be able to pursue damages.  As it stand now in the State of Oregon with no civil rights department other than employment civil rights, the state's disabled, and elderly citizens are ~~prime victims of public corruption.~~*

18.

Numerous International agreements and declarations recognize human rights. The United States has signed some of these agreements, including the International Covenant on Civil and Political Rights.

*Debtor-Defendant has in the past two months written to some international organizations that may assist disabled people but she has not received any reply nor does she anticipate receiving any assistance.*

19.

In establishing the system of divided power in the Constitution, the framers considered it essential that "The Judiciary Remain Truly Distinct from both the Legislature and the Executive." The Federalist No. 78, Page 446 (C. Rossiter Ed 1961) (A. Hamilton) Quoting Montesquieu: "there is no liberty if the power of judging be not separated from the legislative and executive powers." (Spirit of the Law 181)

*Clearly the State of Oregon has fused the Judiciary into an attorney-judge controlled government agency and appears to have created a totalitarian state*

with *STATE EX REL FROHNMAYER v. OREGON STATE BAR 767 P. 2d 893 (1989)CC87C-12045, CA A47455, SC S35408*

20.

The Defendant-Intervenor has been verified by her professional health care providers that she meets the definition of a disabled person with communications disabilities resulting from multiple traumatic brain injuries under the Americans with Disabilities Act.  Effective aids and services to accommodate her disabilities have previously  been timely requested of the State of Oregon Circuit courts, The District of Oregon District and Bankruptcy Court(s) and the United States Court of Appeals for the Ninth Circuit but Debtor-Defendant was never provided court required aids and services to give her equal and effective communications equal to that of others.

21.

The Oregon Circuit Court(s) for the County of Lane have continually refused to grant Defendant Parmenter effective aids and services to accommodate her verified communications disabilities to allow her equal and effective communications equal to that of other as is required under the Americans with Disabilities and Section 504 of the Rehabilitation Act.

22.

Debtor-Defendant's timely requests for aids and services to accommodate her communications disabilities have been denied even though the Petitioner's disabilities have been acknowledged by the State of Oregon, District of Oregon,

and the Ninth Circuit Court systems. No State of Oregon, District of Oregon, or

Court of Appeals for the Ninth Circuit legal systems have provided the required

and necessary effective and unobstructed  accommodations to give Defendant

equal and effective communications nor therefore has she received access to the

courts, due process, equal protection of the law, her constitutional and civil rights

or her disability civil rights.

23.

Petitioner is filing for Derivative Removal from the State of Oregon Circuit Court

where she cannot secure accommodations and where every judge and Oregon

attorney in the Integrated Oregon State Bar has a financial conflict of interest with

Debtor and she has not received accommodated, fair or constitutional court

hearings.

24.

Because a concealed and undisclosed financial conflict of interest exists between

Debtor-Defendant and the State of Oregon by way of both the Oregon Circuit

Courts and state legal system and the Oregon State Bar public agency that also

effects the District of Oregon legal system by way of the Oregon Bankruptcy

Courts and the District Courts for the District of Oregon to such an egregious

extent that Debtor-Defendant's constitutional and civil rights cannot be protected

in the State or District of Oregon or the Ninth Circuit.  Therefore these courts have

clearly demonstrated they cannot be allowed jurisdiction of Debtor-Defendant.

The J. Barrett Prettyman District Court in the District of Columbia has been

empowered to take jurisdiction of persons and cases under such prejudiced and biased circumstances and the Debtor-Defendant herein elects to remove Oregon Circuit Court Case No.161421755 to the J. Barrett Prettyman District Court in the District of Columbia.

25.

The prejudice, discrimination and denial of Debtor's constitutional and civil rights against Debtor-Defendant coming from the Ninth Circuit Courts of Appeals appear to be connected with Pasadena judges who are cronies with Oregon Bankruptcy Judge Frank Alley III. Therefore it is obvious Debtor-Defendant cannot get a fair hearing in the Ninth Circuit Courts either.

26.

Defendant-Intervenor has cognitive disabilities, a central processing disorder and she cannot adequately comprehend oral communications.  Debtor has to have complicated communications including legal proceedings put into written form so she can read to comprehend what has been conveyed.  Sometimes she has to reread the communications several times or she may have to read the communications over time in order to comprehend what has been conveyed. The Debtor-Defendant also has vision, hearing and a vestibular disorder, severe day-time hyper-somnolence, and it is very difficult if not impossible for her to organize and sequence materials.

27.

Defendant has Post-Traumatic Stress Disorder.  Her professional health care

providers contend the abuse and tortuous activities committed against her in the

state and federal courts, the denial and violations of her rights, and the retaliation

being used against her in and out of the District of Oregon District and Bankruptcy

Courts, the Ninth Circuit Court, and the Oregon Circuit Courts in retaliation of her

reporting crimes and criminals within the State and the District of Oregon legal

systems has been reported to  worsen her disabilities.

28.

Debtor-Defendant has been severely injured in two suspicious whiplash

vehicle crashes.  One whiplash was not accidental as had come to light in the

fraud upon the court committed in the Barbara Parmenter vs State Farm

Automobile Insurance Company in the Oregon Circuit Court for the County of

Multnomah Case No. 001010225.

29.

On April 2, 2000 her newly purchased lakefront home under refurbishing was

burnt to the ground, arson suspected.  Defendant was underinsured and in 2004

she took a $500,000.00 casualty loss off of her income taxes due to her never

receiving effective compensation and medical coverage in the State Farm

Automobile Insurance Company's supposed hit and run case and Defendant not

being able to collect the under insured insurance coverage in the total fire loss of

her lakefront home on Dexter Lake in Lowell, Oregon.  Every insurance policy

Debtor-Defendant owned that was represented by Brown, Roseta, McConniville

and Kilcullen Law Firm in Eugene, Oregon never had to pay for or cover the

insured losses they covered.

30.

Further losses and stress were inflicted when the mid-eastern neighbor, Timothy

Jon Yager, admittedly cut down eight of her mature fruit trees and then

admittedly bludgeoned her over the head breaking a blood vessel in the speech

center of her brain. In the Oregon Circuit Court Cases No. 160521912 the officers

of the court including the attorney firm that Debtor was paying and was supposed

to be representing Debtor-Defendant exonerated Defendant's assailant, Timothy

Jon Yager of his crimes against Defendant-Intervenor.

31.

In the Oregon Circuit Court for the County of Lane Case No. 180518623

substitute Circuit Court judge and Oregon State Bar member Jon Lund proclaimed

that because neither attorney filed a finding of fact that he did not have to

consider the evidence in the case and he placed two staking orders on the court

acknowledged victim who was admittedly bludgeoned over the head by the

defendant Timothy Jon Yager (mid-eastern spelling) that broke a blood vessel in

the speech center of Petitioner's brain.

32.

Defendant was also a victim of an aggregated assault and battery where she was

removed from her corporate office of twenty-eight years by the newly appointed

Trustee and Oregon State Bar Member Kenneth Eiler.  As a Trustee Eiler is a

federal government contractor.  Defendant's treating physician wrote and

33

notified Trustee Eiler that requiring Defendant to ascend a flight of stairs to retrieve her legal documents as Trustee Eiler had planned to do, created a very dangerous situation for the handicapped and disabled Defendant who was having trouble walking, keeping her balance and who has a verified vestibular disorder. Nevertheless Eiler ignored the physician's genuine concerns for his patient and he had her business documents, papers, and effects seized and haphazardly strewn about the inaccessible upstairs of her home.   Debtor was forced to ascend the stairs against her health care provider's recommendation to retrieve her legal documents.  Within a few months her x-rays and medical evaluations showed her spinal problems had gravely deteriorated and her spinal cord became 50% compressed limiting Defendants ability to walk or to mentally function due to her pain.  Defendant had a double anterior cervical discectomy and fusion on November 11, 2011 and was hospitalized for four days.  Debtor had been in pain for months and the court simply ignored her requests for a stay just as the court was finalizing the malicious bankruptcy which she had never been privy to.

33.

Debtor-Defendant is a person with communications disabilities ...as is defined in the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, The Judicial Guide, and in the Communications Interpreter Act (CIA) and as verified by the enclosed written and signed documentations from her health care providers. "Their expertise support Ms. Parmenter's assertion she has a "disability" as defined under the Americans with

Disabilities Act", Susan Cox Hammonds RN, MSN, FNP.

34.

Affidavit of 7-14-2010 Susan Hammond RN, MSN, FNP) Each of these providers make it clear that from their testing and treatment of Ms. Parmenter, that she suffers from a disabling auditory processing disorder while maintaining above average to superior intelligence.

35.

Debtor-Defendant believes she has been and is being egregiously discriminated against in the State of Oregon Circuit Courts, the District of Oregon District and Bankruptcy Court(s), the Bankruptcy Appellate Panel, and the United States Court of Appeals for the Ninth Circuit because she reported crimes and criminals in the State of Oregon and District of Oregon legal systems.

36.

Defendant believes and asserts that the supposed bankruptcy Case 09-60875-fra11 was never a legal case for a number of reasons including that she was verified as being incompetent by her professional health care providers when she was coerced into believing she had to file a small business chapter 11 to protect her assets while she was recovering from a fourth traumatic brain injury.  Debtor asked the U. S.  Trustee at the Bankruptcy Court for a guardian ad litem and was told federal courts to no provide accommodations.  Any guardian ad Litem would

have known very quickly that the Debtor was never bankrupt or insolvent and that she was visibly incompetent and suffering with a fourth traumatic brain injury.

Any accommodations secured for Debtor by any means were sabotaged, made ineffective, or were never effective.  On one occasion she had to pay $770.00 for an accommodations she could not comprehend because it was sabotaged so as to make her ill. The illegal payment arrangement was arranged by Portland attorney Bradley Baker and Bankruptcy Judge Frank Alley III violating the Judicial Guide and the Communications Interpreters Act requirements for accommodations.

37.


TAYLOR vs. LOVE, 415 F. 2d 1118 (1969)

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

"The language of 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as a venue, whether the court in which it was filed and personal jurisdiction over the defendants or not. The section is thus in accord with general purpose which has prompted many of the procedural changes of the past few years-that of removing whatever obstacles may impede an expeditors and orderly adjudication shows a desire on the part of the plaintiff not to begin his case and thereby toll proper diligence on the part of the plaintiff which such statues of limitations were made, Congress by the enactment of 1406(a), recognized that "the interest of justice"

may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice defeating technicalities."  It would at the least partially frustrate this enlightened congressional objective to import ambiguities into 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired.  Goldawr, Inc. v. Helman, 369 U.S. 463, 465-467 (1962), 82 S. Ct. 913, 915-916, Footnotes omitted.

38..

FEDERAL QUESTION JURISDICTION

Federal courts are generally said to have "federal question" jurisdiction, which means that federal courts will hear cases that involve issues touching on the Constitution or other federal laws.  The source of the "Federal Question" jurisdiction can be found in the Constitution.  Article III states that the "judicial power shall extend to all cases, in law and equity, arising under the constitution, the laws of the United States, and Treaties made, or which shall be made, under their authority.

39.

TAKEN FROM THE OREGON STATE BAR'S SEPTEMBER 11, 2010

JOINT INTERIM MEETING OF SENATE AND HOUSE JUDICIARY COMMITTEES

On the third line from the bottom of page one it states:

UNIQUE TRAITS, the Oregon State Bar is UNIQUE in a number of areas which are noted in this document as follows:

1.)    The Oregon State Bar (OSB) unlike the other 49 bars in the United States

is not a private bar.

2.)    The OSB is a public corporation and an instrumentality of the Oregon

Judicial Department. The IRS Manual requires the bar's referral to the

National Office of Applications for Tax Exempt Status. Instrumentality

means it is usually owned or controlled by the state government.  An

instrumentality is usually income tax exempt.

40.

OFFICERS OF THE COURTS WITH CONFLICTING INTEREST

The web page on the Oregon State Bar (hereafter OSB), states that all

Oregon judges and practicing attorneys are officers of the courts and are required

to be members of the integrated Oregon State Bar, which is a part of the Oregon

Judicial Department that is a State of Oregon agency and a part of the State of

Oregon government.   The self-insuring Oregon State Bar through the creation of

the Bar's Professional Liability Fund in 1977 provides mandated minimal

malpractice coverage for Oregon based attorneys.

41.

Petitioner contends that the self- insuring provision of the Oregon State Bar

creates a financial conflict of interest with Oregon citizens when the judges,

defense attorney and the plaintiff's attorney are all dues paying Oregon State Bar

members and every Oregon attorney purchases mandatory legal negligence

coverage insurance coverage through the Professional Liability Fund owned,

regulated and operated by the Oregon State.

42.

Because Petitioner is an Oregon citizen she must file any claims or proceedings that have happened in Oregon in an Oregon Court.  Any attorney representing Parmenter must be a member of the "Integrated Oregon State Bar".   If Parmenter hires an out of state Pro Hac Vice attorney she must also hire an Oregon attorney as co-counsel who must be a member of the Oregon State Bar and the co-counsel must have a controlling interest in the case.

43.

The Judges for Oregon State Circuit Courts and District of Oregon District and Bankruptcy Courts  are or were all members of the Oregon State Bar from 1989 to sometime after 2012.  The Oregon State Bar is maintained and operated from annual dues paid by Oregon State Bar members.  Any judgment or damage claim and the costs for legal representation and litigation expenses for defending the Oregon State Bar or its members are expenses for the self- insuring bar and the costs are passed through to the Bar members.  The member's annual dues are calculated from all operating and maintenance expenses and then proportionately adjusted annually.

44.

Debtor-Petitioner is reported as being the only person to have sued the Oregon State Bar for damages which she did Pro Se on November 4, 2004. Petitioner sued the Oregon State Bar for Gross Negligence in the Reinstatement of Justus

Buck Humphreys in Oregon Circuit Court for the County of Multnomah Case No.
070100338.  Debtor-Petitioner had to sue Pro Se as no Oregon State Bar member
would sue their own self-insuring bar.

45.

In discovery phase of her case against the Oregon State Bar is was learned that
Humphreys was reinstated to the Oregon State Bar with less than the normally
required investigations.  Upon reinstatement someone at the Bar gave
Humphreys aliases to conceal his true identity by tampering with public records, a
crime.

46.

If the defendant like Humphreys, is an Oregon attorney the litigation expenses
and any judgment are expenses for the Bar's Professional Liability Fund.  The
Professional Liability Fund is a part of the Bar that sells and provides mandatory
malpractice coverage to bar member attorneys. The judge(s) presiding over any of
these cases including any damage claim against the Bar is a dues paying Oregon
State Bar member therein having an undisclosed and concealed conflict of
interest as in Petitioner's case.   The attorneys representing the bar are dues
paying bar members.  The Pro Hac Vice attorney representing Petitioner in her
suit against the Oregon State Bar had to engage a co-counsel Oregon State Bar
dues paying member attorney with controlling interests in the case. The co-
counsel that Petitioner had to pay for her Pro Hac Vice attorney neglected to
disclose that his firm, The Harrang Long Gary Rudnick Law Firm, also represented

40

the Oregon State Bar. The Pro Hac Vice attorney had collected well over

$300,000.00 from Petitioner and then withdrew from her cases.

47.

Oregon State Bar member Judge Jerome LaBarre presided over the legal counsel

withdrawal in Petitioner's case against the Oregon State Bar and ruled the Pro

Hac Vice attorney had not completed enough legal work to justify the fees he had

collected from Petitioner and ruled the Pro Hac Vice attorney could not try to

collect any additional funds from Petitioner and jurisdiction of the case was

retained in the Oregon Circuit Courts.  " Petitioner" was given six years in which to

file a complaint with the Oregon State Bar arbitration counsel for the return of

her overcharged and overpaid fees.  It is very unlikely Oregon State Bar member

attorneys would assist Petitioner in recovering her overpaid fees after she sued

the Bar that these same attorneys financially support with paying their mandatory

annual dues.

48.

The Multnomah County Court provided a real time captioning accommodation

*one time* for a short deposition.  The second time in a hearing the opposing

counsel and Judge Jerome LaBarre turned the real time into being transcribed in

short hand so Petitioner could not comprehend the proceedings.  The court then

designated the real time record as the official record, an Americans with

Disabilities violation, and Petitioner had no idea what transpired other than her

case was dismissed.  There are no surprises in the Oregon kangaroo courts.  If

Petitioner ever received accommodations they were rendered unusable or worse.

49.

The bankruptcy court record will show the court paid the $130,000.00 to the Pro Hac Vice Dallas, Texas attorney Boyd, and in doing such ignored Oregon Circuit Court Judge LaBarre's rulings and violated the laws handed down in The Sterns v. Marshall Supreme Court ruling. Debtor-Petitioner had entered LaBarres' ruling in the bankruptcy case and had objected to the claim being an adversarial claim because it was a state issue and had been adjudicated. Attorney Boyd had never filed an appeal. Boyd filed the illegal foreign judgment originally by intervention into Debtor's Legal Negligence case against Humphreys in the Circuit Court for the County of Lane Case No. 160900760. The fee had been paid years after the Sterns v. Marshall Supreme Court ruling in 2011 and without the court ever notifying or advising Debtor-Petitioner of any adversarial hearing.

50.

Neither the Oregon State Bar, nor any Oregon Judge, or any Oregon attorney Parmenter has conversed with has ever disclosed to Petitioner that a conflict of interest exists between her and the OSB, Bar members, Oregon Department of Justice or the State of Oregon. By law, the Bar and its members are required to disclose any conflicts of interest and judges with conflicts of interest, bias or prejudice are required to recuse.

51.

No Oregon State or State District judge has recused even upon Petitioner's

motions for cause.  Judge Frank Alley III informed Petitioner when she petitioned

for him to recuse that she could not recuse a federal judge.

52.

Prior to the current foreclosure proceedings Petitioner had requested and paid

for her bankruptcy case to be reopened in May of 2015.  Petitioner then filed

several adversarial hearings against mortgage companies Wells Fargo, N.A.,

Nationstar Mortgage, Ocwen, and Bayview all who were claiming they had valid

and foreclosure enforceable notes and trusts deeds which the bankruptcy court

had already denied and the documents had been rejected and the claims were

invalid. Debtor's properties were revested to her free and clear of any liens and

the companies were enjoined from trying to collect on the properties and from

Debtor.  See Bankruptcy Court ORDER 6/10/2011.

53.

Bankruptcy Judge Frank Alley III dismissed Petitioner's adversarial claims and the

mortgage companies proceeded to the State of Oregon Circuit Court for the

County of Lane with their foreclosures and Nationstar Mortgage, L.L.C. Case No

15CV21825 and Wells Fargo, N.A. Case No. 161421755 secured judgments

allowing them to foreclose upon Debtor's properties in the State of Oregon Circuit

Court for the County of Lane.   These schemes have continued for over six years

some with multiple and different lenders on several of Petitioner's properties that

were re-vested back to her free and clear.

54.

If or when Petitioner manages to prevent a mortgage company from securing

a right to foreclose in the State Circuit Court the mortgage backed security is sold

again and a new professed mortgage lender or servicer proceeds with their

foreclosure again in the State of Oregon Circuit Courts.

55.

NationStar Mortgage L.L.C. Case No. 15CV2185 and Wells Fargo, N.A. Case No

161421755 both secured judgments to foreclose in the State of Oregon Circuit

Court for the County of Lane.  Wells Fargo, N.A. failed to show up for the hearing

but nevertheless received a judgment to foreclose from Oregon Circuit Court

Judge Jay McAlpin.  Oregon State Bar member Judge McAlpin has made several

questionable ruling against Petitioner previously and she has now been able to

recuse Judge McAlpin from hearing any case involving Petitioner or that she has

been dragged into where Debtor contends the courts are being used as a weapon

against her.

56.

With the current foreclosures proceeding  in the Oregon Circuit Courts for the

County of Lane Petitioner motioned the United State Bankruptcy Court for the

District of Oregon to enforce the Supremacy Clause hoping the court would have

to protect Petitioner's property rights as had been adjudicated in the District of

Oregon Bankruptcy Case. No. 09-60875-fra11, under the Trustees Final Amended

Approved Plan and the Courts Order of 6/10/2011.

57.

The record will show that the United States Bankruptcy Court and Bankruptcy Judge Frank Alley III previously failed to uphold the 6-10-2011 ORDER and The Trustee's Approved Plan and dismissed Debtor's Adversarial Motions against the already denied mortgage lien holder's claims.

3.) Judge Alley III awarded the Pro Hac Vic attorney's state court denied false claims for $130,000.00 that was clearly a State Court judgment ruled upon several years before the attempted bankruptcy filing and Judge Alley never held an adversarial hearing on the closed Circuit Court Case judgment..

4.) Judge Frank Alley refused to recuse for proven bias and prejudice and he financial conflict of interest between the Bar and Debtor.

5.) Judge Alley III was instrumental in having her case sent to the incorrect BAP where Judge Kurtz presided.

6.) Judge Kurtz had joined Judge Alley III in forming the two state bar alliance to sell properties in bankruptcy to clients in Dubai.

7.) Supposed Debtor's confiscated properties were sold to mid-eastern parties and no accounting was ever provided to the supposed Debtor.

8.) Judge Alley III refused the supposed Debtor's accommodations for her verified communications disability and struck her Motion for the Participating Attorney Involvement Grant through the Legal Services Corporation from the record.

9.) Judge Alley III also struck Supposed Debtor's Offer of Proof from the record after it was filed and date stamped.  The Offer of Proof supported Debtors claims that the attorney Bradley Baker was not honestly representing Debtor and Baker

had committed fraud upon the court along with Umpqua Bank's attorney David Mills and Judge Frank Alley III.

58.

There are and have been numerous other mortgage companies attempting to foreclose on Petitioner's BOBBI LLC owned free and clear properties.  Two of Petitioner's Limited Liability Co. and Trust owned larger free and clear properties with a combined net value exceeding two and a half million dollars have been unlawfully foreclosed upon in The State of Oregon Circuit Courts for the County of Lane.  Petitioner could not represent the Trusts or the LLC's that owned the properties.   Petitioner cannot access effective legal representation in Oregon and she cannot secure accommodations nor can she access the courts. See C.E. Pope Equity Trust v. United States, 818 P. 2d 696, 697-98 (9th Cir. 1987)

59.

Debtor had been advised by the U.S. Court Trustee and OSB member to retain Attorney Baker a month and a half after she had tried to file a small business chapter

11 and while she was knowingly incompetent.  Debtor was incompetent when she entered into a contract with attorney Baker.  Debtor now knows she could not have legally filed a small business chapter 11 for BOBBI L.L.C. or any of the several Trusts because only an attorney can represent the corporations and trusts .  The chapter 11 Bankruptcy was a misfiled document by a known and an

acknowledged incompetent person but the Bankruptcy Court made exceptions to enable the bar members to literally steal the estate.

60.

The Oregon law on proving incompetence was never followed. Judge Alley III claimed a "personal chapter 11 was like a conservatorship. He did not follow court rules because he wanted to appoint a trustee and he had no legal reason to justify appointing a trustee.

61.

The court changed the supposed Debtor's filing date from March 5, 2009 to March 9, 2009 as proven by the court records apparently hoping Debtor would not know that on the true date she filed her case it could not have been a legal case because she had not taken the required credit counseling course.

62.

In order for Debtor to find out what had transpired in the Bankruptcy Case she had to order, pay for and read the transcripts.

63.

Petitioner's cognitive disabilities have been worsened after another attempt upon her life on November 21, 2016 and she was deprived of oxygen. She requests any untimely submittals or any delayed responses be considered an accommodation and a qualified extension due to her worsened disabilities.

64.

Petitioner prays the J. Barrett Prettyman United States District Court will

intervene in this egregious discrimination against the disabled Petitioner and remove her reopened Bankruptcy Case 09-60875-fra11 to the J, Barrett Prettyman U.S. District Court that can take jurisdiction, and where she can secure legal representation, her constitutional rights, her civil rights and her disability civil rights and in a Circuit other than the Ninth Circuit.  Due to the intense involvement of prior Oregon State Bar member judges within the United States Court of Appeals for the Ninth Circuit there are a lot of civil right violations, constitutional right violations and outright and illegal discrimination, resentment and prejudice projected against Petitioner.

Respectfully submitted this 31st day of August, 2017.

Barbara K. Parmenter, Pro Se "By necessity not by choice."

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A TRUE COPY OF THE DEFENDANT'S MOTION FOR DERIVIATIVE REMOVAL WITH AN INTERVENTION, FEDERAL QUESTIONS AND APPLICABLE LAWS TO NATIONSTAR MORGAGE, L.L.C., etal, Oregon Circuit Court for the County of Lane Case No. 15CV21825 to the below named individuals and firms by hand delivery, Fax, or mailing a true copy of such at the Gateway Postal Service, in Springfield, Oregon that is addressed, and stamped to the below named persons this 31st day of August 2017.

Barbara K. Parmenter, Pro Se

McCarthy & Holthus, LLP
930 S.W. 3rd Avenue, First Floor
Portland, Oregon 97204

State of Oregon
C/O Cheryl Hiemstra
1162 Court Street NE
Salem, Oregon 97301

Clerk of the Court
State of Oregon Circuit Court
for the County of Lane
125 East 8th Avenue
Eugene, Oregon 97401

RCO Legal, P.C.
620 Northwest 10th Street
511 SW 10th Avenue, Suite 400
Portland, Oregon 97205
VIA FAX No. (503) 977-7963

Gerald Thomas
620 Northwest 10th Street
Corvallis, Oregon 97330

Occupants of the Premises
1956 Smithoak Street
Eugene, Oregon 97404

Occupants of the Premises
1920 Smithoak Street
Eugene, Oregon 97404

Occupants of the Premises
1958 Smithoak Street
Eugene, Oregon 97404

Occupants of the Premises
1922 Smithoak Street
Eugene, Oregon 97404